[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The applicants seek to discharge a mechanic's lien, under G.S. § 49-35a, which the respondent has placed against their residence in Plainfield.
On January 12, 1998, the court held an evidentiary hearing on this application and finds the following facts. On July 20, 1996, the applicants contracted, in writing, with the respondent to remodel the kitchen in their home for $17,300. Remodeling began on October 28, 1996, and continued for several weeks in fits and spurts. The applicants paid $7800 as a down payment and another $7800 when their new cabinets were delivered. The applicants refuse to pay the final $2,340 owed under the terms of the contract because of alleged shoddy and incomplete work. On February 3, 1997, the mechanic's lien was levied against the property.
The contract, Exhibit 1, contains a cancellation clause which is not in boldface type nor of ten point type size or larger. The contract also lacks any starting or completion date. The respondent's salesperson read the cancellation clause aloud to the applicants before they signed the agreement.
Under G.S. § 49-35b, the lienor has the initial burden of establishing probable cause to sustain the validity of the mechanic's lien at the hearing regarding discharge of that lien. CT Page 912 The court concludes that the respondent has failed to meet that burden because the contract which underlies the claim for which the lien is security is invalid and unenforceable.
It is undisputed that the contract between the parties was a home improvement contract invoking the prerequisites set forth in G.S. § 20-429. Subsection 6 of § 20-429 (a) requires that such contracts contain a written notice of the homeowner's right to cancel the contract, unilaterally, within three days. This notice must also comply with that described in the Home Solicitation Sales Act, G.S. Ch. 740. Section 42-135a(1) of that Act states, inter alia, that the cancellation clause must be "in boldface type of a minimum size of ten points". Clearly, the contract in the present case fails to satisfy this mandate.
The defendant argues that the salesperson's oral recitation of the clause is a legally sufficient substitute for the type and size requirements. The court disagrees.
Home improvement contracts must be in writing, § 20-429
(a)(1). If oral agreements were acceptable, the legislature would not have mandated that such contracts be memorialized in written form. Allowing for a three day cancellation period implies that the legislature desired that homeowners have a cooling down period in which to mull over the pros and cons of the contract. Having the contract in writing affords homeowners the opportunity to scrutinize each provision carefully and reconsider the propriety of entering the contract in an unhurried environment and outside the gaze of the salesperson.
Presumably, the boldface type and minimum type size are specified by statute to ensure that the cancellation provision is conspicuous and has greater significance than other parts of the agreement. It is unreasonable to expect that a salesperson's reading of the cancellation clause will possess those qualities. The impact of boldface type remains after the homeowners have left the salesroom and the solicitor's presence, unlike an oral reading. Once spoken, the words are gone and their impact evanescent. Also, the effect of the notice ought not depend on the glibness of the sales person who might consciously or subconsciously downplay the cancellation by intonation or modulation of voice. After all, the sales person is interested in securing an agreement and not in detailing the method for defeating that agreement. CT Page 913
Because boldface type retains its effect throughout the three day reconsideration period and is free from possible manipulation, an oral reading of the cancellation clause is inadequate to meet the demands of § 20-429 (a)(b). The failure to comply with this provision renders the contract in question unenforceable and the lien invalid. The lien is ordered discharged.
Sferrazza, J.